[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Erskine D. McIntosh, was ineffective in assisting him in that he failed (1) to effectively investigate, interview and cross-examine material witnesses so as to raise reasonable doubt; (2) to object to the introduction of prejudicial evidence such as the weapon allegedly used in the crime and the State's use of inclusive scientific evidence; (3) to object to jurors viewing the petitioner in the sheriff's custody or have the court give a curative instruction; and, (4) to object to allowing the state to determine the criminal charges brought against the petitioner.
The arrest and conviction of the petitioner arose from the bludgeoning death of James Tyson on October 24, 1991 in New Haven. The evidence produced at the petitioner's criminal trial indicated that Detective Winkler Christensen was called to view someone striking at a moving object in a parking lot off George Street. As he went to the scene he met the petitioner coming towards him who, after the officer identified himself to question him, swung at him, hitting his back with what was later determined to be a pipe. The pipe, which was found where the attacker dropped it, contained blood smears which stains were of the same blood type of the bludgeoned victim who was lying in the parking lot forty-five (45) feet away from where the attacker of Christensen had come, sweating profusely. The petitioner was apprehended by Yale University police officer Anthony DeLuise as he fled from Christensen. Although eyewitnesses to the attack on the victim, Stanley Greiman, Christensen and Roseberg, were unable to identify the face of the attacker, were able to identify him by his size and clothing. He was also wearing clothing that had spatters of blood on the thigh area of his pants and two (2) blood spots on the left cuff of his jacket. The pockets of the victim were turned out. See Petitioner's Exhibit1. CT Page 16127
The petitioner called himself and his criminal trial attorney. The petitioner claimed that he asked McIntosh to interview Jamelle Streeter, have the pipe examined scientifically and that he had not objected when he was seen by the jury in shackles.
McIntosh testified that his Theory of Defense was that the petitioner did not commit the crimes nor did he have the pipe until the officer attacked him and he saw it on the ground, and used it to protect himself. Because the crimes took place at night, he had an investigator take photographs at about the time of day of the crimes. He may have spoken to Jamelle Streeter but has no recall of the name. From hindsight he thought that he might have cross-examined Christensen a little more about the four (4) persons Christensen saw in the area and how they were leaving in different directions. He does not recall the petitioner being in shackles before the jury.
The petitioner did not produce Jamelle Streeter nor did he produce any scientific evidence. The criminal trial testimony of Christensen reveals that he saw three (3) or four (4) males walking onto the sidewalk near a white van. Although McIntosh did not cross-examine so as to show these males went in different directions, he effectively cross-examined Christensen to place these males in the same general area as the assaulter of Christensen and that Christensen did not know where they had come from or how long they were there or where they had gone.
The three witnesses to the assault on the victim, James Tyson, were able to describe the size and clothing of the assaulter to the person who approached Christensen minutes later sweating profusely and carrying the pipe smeared with blood of the same blood type of the victim and coming from the location of the assault, his pants and jacket carrying spatters of blood. Christensen identified the defendant as the person who carried the pipe and dropped it as he fled from him and Anthony DeLuise identified the defendant as the person who fled from Christensen whom he, DeLuise, apprehended.
A successful petitioner must show that there is reasonable probability that for counsel's unprofessional errors, the result of the proceedings would have been different. Copos v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,446 U.S. 668, 694. The petitioner has failed to prove how the result would be different. He has also failed to prove counsel's CT Page 16128 representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. The strategy of McIntosh in attacking the accuracy of Christensen's testimony so as to place others in the area as possible suspects and the presence of such pipe in the area to use in defending himself from the attack of two civilian dressed males was reasonable. A review of the transcript shows an effective cross-examination of the state's witnesses to this goal for summation.
For the above reasons the petitioner is denied.
Corrigan, J.